IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **THOMAS FREDERICK LOTT and** | § | |
| **LONE STAR FAST FUNDING, LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 5:24-cv-00898 |
| | § | |
| **MIDLAND MORTGAGE, A DIVISION** | § | |
| **OF MIDFIRST BANK,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S FIRST AMENDED ANSWER

Pursuant to the Federal Rules of Civil Procedure, Defendant MidFirst Bank, incorrectly named herein as Midland Mortgage, a Division of MidFirst Bank ("MidFirst"), files this First Amended Answer to Plaintiff's Original Petition ("Complaint"). [Doc. 1-4.]. In support thereof, MidFirst respectfully states as follows.

### I. Answer

1.  MidFirst states that the Texas Rules of Civil Procedure discovery level pled in Paragraph 1 of Plaintiff's Complaint is no longer applicable as this case is now governed by the Federal Rules of Civil Procedure.

2.  MidFirst is without sufficient information to admit or deny the residency of Thomas Frederick Lott of the allegations in Paragraph 2.1 of Plaintiffs' Complaint.

3.  MidFirst states that no response is required to Paragraph 2.2 of Plaintiffs' Complaint.

4.  MidFirst admits the allegations in Paragraph 2.3 of Plaintiffs' Complaint.

5. MidFirst states that jurisdiction is now proper in this Court and therefore denies the allegation of Paragraph 3.1 of Plaintiffs' Complaint.

6. MidFirst states that venue is now proper in this Court and therefore denies the allegations of Paragraph 4.1 of Plaintiffs' Complaint.

7. MidFirst admits that Plaintiff Thomas Lott is the owner of the Property subject of this suit as stated in Paragraph 5.1, subject to the payoff of MidFirst's lien.

8. MidFirst admits the allegations of Paragraph 5.2 of Plaintiffs' Complaint.

9. MidFirst admits the allegations of Paragraph 5.3 of Plaintiffs' Complaint.

10. MidFirst states that the mortgage is delinquent as alleged in Paragraph 5.4 of Plaintiffs' Complaint.

11. MidFirst denies the allegations of Paragraph 5.5 and 5.6 of Plaintiffs' Complaint.

12. MidFirst is without sufficient information to admit or deny the allegation regarding a purchaser of the Property as alleged in Paragraph 5.7 of the Plaintiffs' Complaint. However, MidFirst denies the remaining allegations in that Paragraph.

13. MidFirst admits that Plaintiff stated a portion of the Deed of Trust in paragraph 5.8 of the Complaint, however, MidFirst denies that the portion is completely stated and therefore denies the allegation.

14. MidFirst admits that the Deed of Trust is attached as Exhibit A, but denies the remaining allegations of paragraphs 5.9 (both of them).

15. MidFirst admits the allegations of Paragraph 5.10 of Plaintiffs' Complaint.

16. MidFirst denies the allegations of Paragraph 5.11 of Plaintiffs' Complaint.

17. MidFirst denies the allegations of Paragraph 5.12 of Plaintiffs' Complaint.

18. MidFirst denies the allegations of Paragraphs 6.1, 7.1, 8.1, 8.2 and 8.3 of Plaintiffs' Complaint.

19. MidFirst denies that Plaintiff is entitled to a temporary restraining order and therefore denies the allegations to Paragraphs 9.1, 9.2, 9.3, 9.4 of the Plaintiffs' Complaint.

20. MidFirst denies that Plaintiff is entitled to damages and therefore denies the allegations to Paragraph 10.1 and the Prayer portion of the Plaintiffs' Complaint.

## II. Affirmative Defenses

21. Plaintiffs' damages, if any, which MidFirst Bank does not admit, were caused in whole or in part by Plaintiffs' own acts, negligent or otherwise, and MidFirst Bank is thus not liable.

22. Plaintiffs' claims are barred due to MidFirst Bank's compliance with the terms of the Note, Deed of Trust, and all applicable Texas and Federal law.

23. MidFirst Bank asserts any and all limitations on exemplary damages, additional damages and/or punitive damages prescribed by the Texas Rules of Civil Procedure and/or case law and/or Civil Practice and Remedies Code.

24. Plaintiff Thomas Frederick Lott's claims are barred by his prior breach.

25. Plaintiffs' claims are barred by the economic loss doctrine.

26. Plaintiffs' claims are barred by the statute of frauds.

27. Plaintiff Lone Star Fast Funding, LLC's claim for breach fails due to no contract with Defendant.

Defendant MidFirst Bank prays that Plaintiffs' Petition be dismissed, and that Plaintiffs take nothing by way of their claims. MidFirst Bank further requests that judgment be granted in

its favor with respect to all claims asserted by Plaintiffs, and for all further and other relief, whether at law or in equity, to which MidFirst Bank may be justly entitled.

                Respectfully submitted,

By:   /s/ *Shelley L. Hopkins*
      Shelley L. Hopkins
      State Bar No. 24036497
      HOPKINS LAW, PLLC
      2802 Flintrock Trace, Suite B103
      Austin, Texas 78738
      (512) 600-4320
      BARRETT DAFFIN FRAPPIER
      TURNER & ENGEL, LLP - *Of Counsel*
      ShelleyH@bdfgroup.com
      shelley@hopkinslawtexas.com

      Robert D. Forster, II
      State Bar No. 24048470
      BARRETT DAFFIN FRAPPIER
      TURNER & ENGEL, LLP
      4004 Belt Line Road, Ste. 100
      Addison, Texas 75001
      (972) 386-5040
      RobertFO@bdfgroup.com

      **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and served a true and correct copy to the following pursuant to the Federal Rules of Civil Procedures:

*VIA ECF*
Geoffrey Mayfield
Attorney at Law, P.C.
1602 N. PanAm Expressway
San Antonio, Texas 78208
Geoff.mayfield@gmail.com
**ATTORNEYS FOR PLAINTIFF**

                */s/ Shelley L. Hopkins*
                Shelley L. Hopkins